**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT C. BURLEW, | No. 09-17788 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-02009-LKK-CHS |
| v. | |
| A. HEDGPETH, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted May 9, 2011
San Francisco, California

Before: HUG and PAEZ, Circuit Judges, and O'GRADY, District Judge.**

Petitioner-Appellant Robert C. Burlew, a state prisoner, appeals the district court's denial of his habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Liam O'Grady, United States District Judge for the Eastern District of Virginia, sitting by designation.

We review de novo the district court's denial of a habeas petition. *Schell v. Witek*, 218 F.3d 1017, 1022 (9th Cir. 2000). Burlew's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, we must determine whether the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Burlew argues that the state court unreasonably applied clearly established federal law in concluding that his constitutional rights were not violated by the admission of his incriminating statement that he "thought maybe [the items in his trunk] were [stolen] and [that] he was moving them or helping someone move them." It is clearly established federal law that incriminating statements made during custodial interrogation are not admissible against a criminal defendant unless the defendant was made aware of his rights to silence and counsel before voluntarily speaking. *Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966). "[C]ustodial interrogation" means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.* at 444. To determine whether an individual was "in custody," the state court must examine all of the circumstances

2

surrounding the questioning and decide "whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (per curiam) (internal quotation marks omitted). Using this framework, the state court must ask whether a reasonable person in the defendant's situation "would have felt free to terminate the interview and leave." *Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004).

It is undisputed that Burlew's statement was made in response to a direct question from Officer James Beaupre while Burlew was sitting in the back of Beaupre's patrol car. At the time Burlew made his statement, he was not handcuffed and had not been informed that he was under arrest. Although the question is close, the state court did not unreasonably apply federal law in concluding that Burlew was not "in custody," at the moment he was questioned. The fact that Burlew was not handcuffed, coupled with the fact that Beaupre's interaction with Burlew was nonconfrontational, weighs against a custody determination. *See id.* at 644 (noting that the "interrogation environment" is a factor in the custody determination). We also note that we and our sister circuits appear to be split on the issue of whether a defendant is "in custody" when he is detained in the back of a police car. *Compare United States v. Henley*, 984 F.2d 1040, 1042 (9th Cir. 1993) (concluding that a defendant was in custody when he

was "questioned by an FBI agent while sitting handcuffed in the back of a police car," although not under arrest); *Figg v. Schroeder*, 312 F.3d 625, 636 (4th Cir. 2002) (holding that the defendant was "seized" within the meaning of the Fourth Amendment where, although not formally arrested, the defendant was detained in a patrol car and not allowed to leave); *United States v. Richardson*, 949 F.2d 851, 856 (6th Cir. 1991) (same); *with United States v. Murray*, 89 F.3d 459, 462 (7th Cir. 1996) ("[T]he fact that [the defendant] was questioned while seated in the back of the squad car did not put him 'in custody' for purposes of the *Miranda* warnings."); *United States v. Boucher*, 909 F.2d 1170, 1773–74 (8th Cir. 1990) (same). Moreover, the Supreme Court has emphasized that the determination of whether a defendant was "in custody" for *Miranda* purposes is a general one, which affords courts "more leeway . . . in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664–65; *see also Carey v. Musladin*, 549 U.S. 70, 77 (2006) (noting that the state court did not unreasonably apply clearly established federal law where there was a "lack of [Supreme Court] holdings" on the question at issue and "lower courts ha[d] diverged widely in their treatment of" the defendant's claim).

In light of all the circumstances surrounding the questioning of Burlew, we conclude that the state court did not unreasonably apply federal law in holding that

4

Burlew was not "in custody" at the time he made his incriminating statement. We affirm the district court's denial of habeas relief.

**AFFIRMED.**